UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-14009-CR-MIDDLEBROOKS/LYNCH

UNITED STATES OF AMERICA,

       Plaintiff,

v.

TIMOTHY RAY DARNALL,

       Defendant.

_____/



## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE REPORT

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and respectfully responds to the defendant's objections to the Pre-Sentence Investigation Report (PSI):

1.     The government has no knowledge regarding the defendant's dependants other than what is set out in the PSI.

2.     The guideline for a violation of 18 U.S.C. § 2422(b) is found in § 2G1.1 of the Guidelines Manual.  Pursuant to § 2G1.1(c)(3), if the offense did not involve promoting a commercial sex act, which it did not in the instant case, the defendant is to be sentenced under one of four other guidelines; § 2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material); § 2A3.2 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse); § 2A3.2 (Criminal Sexual Abuse of a Minor Under the Age of Sixteen Years (Statutory Rape) or Attempt to Commit Such Acts); or § 2A3.4 (Abusive Sexual Contact or Attempt to Commit Abusive Sexual Contact).

"When a sentencing court is required to choose among multiple guideline sections, the court must 'use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted.'" *United States v. Miranda*, 348 F.3d 1322 (11th Cir. 2003). As stated above, § 2G2.1 does not apply as the defendant's case did not involve the production of sexually explicit visual or printed material. Section 2A3.4 is also not the appropriate guideline as *Miranda* clearly advises that this section excludes any conduct that constitutes a "sexual act." *Miranda* at 1332. The defendant's conduct, as in the *Miranda* case, did in fact constitute an attempted sexual act. Therefore, the issue is whether to apply § 2A3.1 or § 2A3.2. The defendant argues that § 2A3.2 should apply "as clarified in the *Miranda* case." However, the *Miranda* case involved the attempted sexual abuse of a child under sixteen but over the age of twelve.

In the instant case, defendant Darnall was found guilty of attempting to commit criminal sexual abuse on a child under the age of twelve. In fact, Darnall attempted to commit criminal sexual abuse of two children, one age ten and one age eleven. This distinction makes § 2A3.1 the most appropriate guideline for the offense conduct of which Darnall was convicted. Section 2A3.1(a) starts at a base offense level of 27. Section 2A3.1(2)(A) adds an additional four levels if, as in the instant case, the victim had not attained the age of twelve. In contrast, § 2A3.2 covers those situations where the attempted criminal sexual abuse was committed on a child under the age of sixteen, but over the age of twelve. Because of this distinction, §2A3.1 is the appropriate guideline section and the defendant should start at a base offense level of 27.

3.      As set forth above, the defendant is assessed an additional four levels because the victim or victims had not attained the age of twelve. Thus, the adjusted offense level should be 31.

4.      Because the prohibited sexual conduct involved the use of a computer or an Internet-access device, the offense level is increased by another two levels, making the adjusted offense level a 33.

5.      The defendant correctly stated that line 7 of paragraph 28 should reflect March 18, 1994.

6.      Paragraph 66 of the PSI report correctly sets forth the defendant's total offense level as 33 for the aforementioned reasons, and therefore, the defendant is subject to a guideline range of 135 to 168 months.

7.      It is the government's position that the policy statement set forth in § 5D1.2 requiring a statutory maximum term of supervised release for any sex offense, is clearly meant to cover situations like the instant case.  The defendant was convicted under 18 U.S.C. § 2422(b) and as a result, § 3583(k) applies.  That section states that the authorized term of supervised release for any offense under § 1201 involving a minor victim, and for any offense under §2422, is any term of years or life.

WHEREFORE, the defendant's objections to the PSI should be overruled.

Respectfully submitted,

UNITED STATES ATTORNEY
MARCOS DANIEL JIMENEZ

By:   _Corey Steinberg_
Corey Steinberg
Assistant United States Attorney
Florida Bar No. 0563234
505 South Second Street, Suite 200
Fort Pierce, FL  34950
Telephone: 772-466-0899
FAX: 772-595-3606

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was mailed on  this 8th day of June,

2004, as follows:

David Lee Brannon, Esq.
AFPD
400 Australian Ave N, Ste 300
West Palm Beach,  FL  33401
561-833-6288 Ext. 117
561-833-0368 (FAX)


Corey Steinberg
Assistant United States Attorney